UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES L. BLACKFORD,

          Plaintiff,

v.

WEST AGING AND DISABILITY SERVICES, ET AL.,

          Defendants.

No. CV 04-758-MO

OPINION AND ORDER

**MOSMAN, J.,**

Pro se plaintiff James L. Blackford brings claims under the ADA and Oregon law against seventeen defendants. Most of Mr. Blackford's complaints relate to problems he has encountered in obtaining various state and federal benefits related to his physical ailments. Others relate to the circumstances surrounding a car accident that occurred while Mr. Blackford was traveling as a passenger in a taxi in Louisiana.

Before the court are two motions to dismiss – one filed by Defendants Oregon Department of Human Services ("DHS"), Petra Alvarez, and Oregon Office of Administrative Hearings, and another filed by Defendant Oregon Health and Science University ("OHSU") and Dr. Paul Wang.[1] In general, Mr. Blackford's complaint fails to provide a short and plain

---

[1] Defendants Wang and OHSU also filed a separate motion to dismiss on the grounds that they were not served in a timely fashion. However, this court previously granted Mr. Blackford's application to proceed *in forma pauperis*, and accordingly the responsibility for effectuating service fell upon the U.S. Marshals Service. "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Puett v. Blandford*, 912 F.2d 270, 274 (9th Cir. 1989) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Accordingly, Defendants' motion to dismiss for untimely service (#34) is DENIED.

statement of his claims against the various defendants, and several of Mr. Blackford's "claims" fail to state cognizable causes of action. Accordingly, Defendants' motions to dismiss (#10 and 32) are GRANTED, and Mr. Blackford's complaint is dismissed in its entirety without prejudice. In addition, where the nature of Mr. Blackford's claims is discernable, it is apparent that this court lacks jurisdiction over the subject matter of the claims. Thus, as set forth below, Mr. Blackford's state law slander and malpractice claims are dismissed with prejudice.

## I.     Legal standard

In ruling on a motion to dismiss for failure to state a claim, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Rather, a compliant need only provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. Accordingly, "[a] motion to dismiss for failure to state a claim may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (internal quotation omitted). "Nonetheless, conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## II. Facts[2]

At some time around 1995 or 1996, while living in Louisiana, Mr. Blackford filed for S.S.I. benefits. Mr. Blackford subsequently suffered an additional injury, resulting in inflammation of his lower back, legs, feet and neck. While Mr. Blackford "was in the process of moving to Portland, Oregon with a friend," he was hit from behind (presumably in a vehicle), re-injuring his lower back, legs, feet and neck.

Mr. Blackford began seeing Dr. Gideonse in Portland beginning in August 2002. Dr. Gideonse performed an MRI and determined Mr. Blackford had "a synovial cyst of the facet joint on the right outside the spinal canal without neural compression." Dr. Gideonse also noted the existence of "multilevel degenerative joint disease and a disk bulge at L4-5, without canal or foraminal stenosis." In April 2003, Dr. Gideonse further found Mr. Blackford had "herniated nucleus pulposus and degenerative dis[k] disease at L4-L5 with nerve root compromise."

In November 2002, Mr. Blackford applied for General Assistance ("G.A.") benefits, a cash subsidy provided by the State of Oregon for disabled persons awaiting their S.S.I. hearings. Mr. Blackford's application was denied. Soon after, Mr. Blackford had a hearing regarding his eligibility for G.A. benefits before an Administrative Law Judge with the Oregon Office of Administrative Hearings. The ALJ determined Mr. Blackford met the G.A. impairment criteria. In so finding, the ALJ discredited the opinion of Dr. Berselli, a doctor who apparently reviewed Mr. Blackford's x-rays for the purposes of the hearing. The ALJ determined Dr. Berselli's

---

[2] On Defendants' motions to dismiss, all allegations of material fact alleged in Mr. Blackford's complaint are taken as true and viewed in the light most favorable to Mr. Blackford. *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd.*, 228 F.3d 1043, 1049 (9th Cir. 2000). Accordingly, the following facts are taken from Mr. Blackford's complaint.

findings were inconsistent with the rest of the medical record, and that his mere review of Mr. Blackford's x-rays did not constitute a thorough or complete examination. The ALJ also considered the opinion of Dr. Brown, who performed a psychological evaluation of Mr. Blackford. The ALJ determined that Dr. Brown's opinion that Mr. Blackford abused his prescription medication was unsupported by any other evidence in the record, and that the only evidence in the record demonstrated Mr. Blackford actually wanted to diminish the use of the medication. The ALJ further noted that Dr. Brown did not have or review any of Mr. Blackford's medical records. The ALJ concluded Mr. Blackford met the G.A. impairment criteria and set aside the State's decision to deny Mr. Blackford G.A. benefits.

Mr. Blackford was allowed a G.A. benefit for one month, at which time the benefit ceased. Although it is not clear why the G.A. benefit ceased after one month, Mr. Blackford's complaint seems to suggest the State simply stopped offering the benefit for a period. In November 2003, the cash benefits were "renewed," and Mr. Blackford applied for the benefit again. However, Defendants Judy Fowler and West Aging and Disability Services ("West Aging") apparently denied Mr. Blackford's second application, and Defendant Fowler informed Mr. Blackford that the ALJ's prior decision had no bearing on his subsequent application.

Mr. Blackford subsequently attended an S.S.I. hearing, during which Judge Riley Atkins sent him to a Dr. T. Ogisu for examination. Due to a recent hernia operation, Mr. Blackford arrived at his appointment with Dr. Ogisu in a wheelchair. However, the elevator at Dr. Ogisu's office was not in service when Mr. Blackford arrived, forcing Mr. Blackford to enlist his cab driver to assist him in climbing the stairs to the second floor. Mr. Blackford complains that Judy Fowler and West Aging are now "using Dr. Ogisu['s] examination in the GA cash benefits and

medical hearing." Mr. Blackford also complains that Fowler has distorted the facts of his case by "allowing the use of Dr. Brown's examination stating that [Mr. Blackford is] a drug abuser and Dr. Berselli's incomplete examination on [Mr. Blackford]." Mr. Blackford further complains that Fowler has offered her own medical opinion and "even claims to be a psychic."

Mr. Blackford attended a hearing in March 2004 on his second application for G.A. benefits. The outcome of this hearing is unclear from Mr. Blackford's complaint. Mr. Blackford notes that "I tried to put some more documents into the record, but with the distorted facts already given to [the ALJ], it was not in my favor." It is not clear whether this adverse decision relates to Mr. Blackford's G.A. application, or to his effort to submit further documents. Mr. Blackford also refers to a letter the ALJ wrote stating his need to take further testimony and review additional evidence, but the import of this letter to Mr. Blackford's claims is unclear.

### III. Mr. Blackford's claims

#### A. Defendants DHS, Petra Alvarez, and Oregon Office of Administrative Hearings

Mr. Blackford identifies his claims against DHS and Petra Alvarez as: "discriminating against an American with a Disability, allowing this practice to continue, slander, using documents to suit their case, and/or any other law that may pertain to this case or any other claim I may have against defendants." Mr. Blackford's sole factual allegation regarding Defendant Alvarez is that she "transferred a[n] orthopedic examination (Dr. T. Ogisu) from a S.S.I. hearing to a G.A. benefit." Other than the allegation against Alvarez, the complaint makes no allegation of wrongdoing by DHS.

This court lacks subject matter jurisdiction to hear Mr. Blackford's state law slander

claims against Defendants DHS and Alvarez.  *See Pennhurst State School and Hospital v. Helderman*, 465 U.S. 89 (1984) (Eleventh Amendment bars state law claims brought in federal court against a state which has not waived its immunity from suit in federal court).  Mr. Blackford's slander claims against these Defendants are therefore dismissed with prejudice.

As to Mr. Blackford's remaining claims against Defendants DHS and Alvarez, the complaint fails to provide "a short and plain statement" of these claims, as required by Federal Rule of Civil Procedure Rule 8(a).  Mr. Blackford's claims are so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading.  In addition, the facts alleged do not state a claim upon which relief may be granted.  Accordingly, these claims are dismissed without prejudice.

Mr. Blackford brings suit against the Oregon Office of Administrative Hearings, apparently under the ADA, "for sending me to Dr. Ogisu and knowing I was in a wheelchair, when there was no elevator in service."  While the ADA provides that no disabled person "shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity," Mr. Blackford does not allege that he was denied access to Dr. Ogisu's office.  Rather, Mr. Blackford alleges that he had difficulty climbing the stairs to reach Dr. Ogisu's office because of a surgery he had recently undergone.  Because these allegations are insufficient to state a cause of action under the ADA, Mr. Blackford's ADA claim against Oregon Office of Administrative Hearings is dismissed without prejudice.

### B. OHSU and Dr. Paul Wang

Mr. Blackford's complaint states claims against Dr. Wang for malpractice based on Dr. Wang's alleged mis-diagnosis of Mr. Blackford's MRI's.  The complaint does not state any

PAGE 6 - OPINION AND ORDER

claims against Defendant OHSU, although Mr. Blackford does complain that he encountered difficulty obtaining treatment from Defendants Bennett and Shore, doctors in the OHSU Emergency Room, and asserts a state law claim of slander against these defendants for having stated that Mr. Blackford abused his medications.

OHSU is a "governmental entity performing governmental functions and exercising governmental powers." ORS 353.020. As such, it is immune from state law claims brought in federal court. *Pennhurst*, 465 U.S. 89. With respect to Dr. Wang, Oregon law does not provide for a cause of action for torts allegedly committed by "employees or agents of a public body acting within the scope of their employment or duties." ORS 30.265(1). Rather, all such suits are deemed actions against the public body only. *Id*. Thus, because Mr. Blackford's malpractice claim against Dr. Wang is actually a claim against OHSU, the court lacks jurisdiction to hear that claim. Accordingly, Mr. Blackford's claims against these defendants are dismissed with prejudice.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motions to dismiss (#10 and 32) are GRANTED, and Mr. Blackford's complaint is dismissed in its entirety without prejudice. Mr. Blackford's state law slander and malpractice claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated this  6th   day of September, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge